## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW LEE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV 09-57-FHS-SPS |
| | ) |
| SHERIFF TADLOCK and RUSS MILLER, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Before the court for its consideration is the Defendants' Motion To Dismiss and Defendants' Motion For Confession of Their Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 37 (b)(2)(A) and 41(b) this court dismisses the above action for the Plaintiff's continued failure to obey this court's orders and his failure to prosecute this case. A brief review of the history of this case is as follows.

On December 4, 2008, plaintiff Andrew Harris originally filed this action against Sheriff Tadlock and Russ Miller in the Western District of Oklahoma in case No. CIV-08-1323. The case was subsequently transferred to the Eastern District of Oklahoma. On May 4, 2009, defendants timely filed their Answers to plaintiff's complaint. In accordance with this court's order of September 3, 2009, the discovery deadline was previously set for January 5, 2010, and the deadline to file dispositive motions was February 5, 2010.

On September 17, 2009, defendant Russ Miller served discovery requests upon plaintiff. On October 6, 2009, plaintiff provided responses to Defendant's First Set of Interrogatories, but failed

1

to respond to Defendant's Request for Production or Defendant's Request for Admissions.  Plaintiff's responses to defendants' Interrogatories were vastly incomplete. After reviewing plaintiff's responses to Defendants' First Set of Interrogatories, it was determined plaintiff wholly failed to provide adequate responses to twenty (20) of the Interrogatories.  Plaintiff failed to respond to attempts to contact him by defendants' counsel in order to resolve this discovery dispute.  On December 7, 2009, witness and exhibit lists were due, however, plaintiff failed to submit to this Court's Order to provide a witness and exhibit list.  In addition, plaintiff did not properly sign his medical release preventing defendants from conducting adequate discovery into plaintiff's alleged damages.

Defendants' filed a Motion to Compel plaintiff's discovery responses on December 21, 2009.  Due to plaintiff's failure to respond to Defendants' Motion to Compel and the underlying discovery requests, defendants were previously forced to seek an extension of deadlines. On January 4, 2010, the Court granted defendants' first Motion for Extension of time and the deadlines were extended sixty (60) days.  On January 13, 2010, defendants discovered their original Motion to Compel was sent to plaintiff's former address and mailed an additional copy to the plaintiff's currently identified address.  Defendants filed a Notice of Service with the Court to apprise the Court of the additional mailing. On February 2, 2010, the Court entered an Order directing plaintiff to show cause in writing within ten (10) days why the court should not grant Defendants Sheriff Tadlock and Russ Miller's Motion to Compel.  The time allotted to the plaintiff by the Court expired without plaintiff filing any responses to defendants' motion. Pursuant to the Court's previously granted extension, the discovery deadline in this matter was set to expire on Monday, March 8, 2010, and the deadline to file dispositive motions was set to expire on April 6, 2010.  On March 4, 2010, defendants were forced to file an

additional Motion for Extension of Time as plaintiff had still failed to respond to the Motion to Compel.  This Motion for Extension was granted by the Court.  On March 8, 2010, the Court granted Defendant's Motion to Compel as confessed since plaintiff failed to file an objection. Accordingly, plaintiff was given until March 29, 2010, in which to comply with the discovery requests. Plaintiff has still failed to comply with the Court's Order of March 8, 2010. Plaintiff has filed no response to the Court's order.

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions."  Ehrenhaus v. Reynolds, 965 F.2d 916, 918 (10th Cir. 1992).  Evaluating these five factors and the facts of this case, this court finds dismissal is appropriate.

First, the degree of actual prejudice to the defendants is significant. Plaintiff has failed to fully participate in discovery and has failed to file court-ordered responses.  It appears to this court as if plaintiff has abandoned this litigation.  He has wholly failed to participate in the litigation. He has blatantly ignored court rules. In fact, the court finds this litigation cannot proceed in its current posture because plaintiff has failed to participate. "It is within the court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Id. at 918.  Second, the plaintiff has clearly interfered with the judicial process by refusing to participate in it.  This litigation cannot proceed unless plaintiff follows the courts orders and participates in the

litigation.  At this point, plaintiff has wholly failed to do this. Plaintiff's interference with the judicial process has completely impeded this litigation.  Third, it is difficult to ascertain the culpability of the plaintiff.  However, his repeated failure to follow the Court's orders seems to indicate some guilt on the part of plaintiff.  In its order entered July 1, 2010, the Court warned plaintiff if he did not respond by July 14, 2010, to the Motion to Dismiss and the Motion to Confess Judgment this case would be subject to dismissal.  Finally, the court does not see that a sanction other than dismissal would be appropriate.  This court finds that under these circumstances dismissal is an appropriate remedy.

Dismissal pursuant to F.R.C.P. 41 (b) is also appropriate when plaintiff fails to prosecute case.  U.S. ex rel Jimenez v. Health Net, Inc., 400 F.3d 853, 854-856 (10th Cir. 2005).  (Holding dismissal appropriate or proper against a party who discards court order and fails to proceed as required by court rules.)  Plaintiff has clearly failed to follow court orders, failed to respond to request for discovery and has completely failed to respond to the motions from defendants.  It appears to this court plaintiff has totally failed to prosecute this case.

**ACCORDINGLY**, defendants' Motion to Dismiss is hereby granted and this lawsuit is hereby dismissed.

**DATED** this 27th day of July, 2010.

*[signature]*
Frank H. Seay
United States District Judge
Eastern District of Oklahoma